UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KATIE R. SMITH | CIVIL ACTION NO. 17-482 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| T. LAMAR GOREE, JR., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1). [Record Document 13]. The parties have filed an opposition and a reply, which have been reviewed by the undersigned. [Record Documents 19 and 20]. For the reasons discussed below, the motion is **GRANTED IN PART and DENIED IN PART**. To the extent that the motion seeks dismissal of claims asserted by Katie Smith on her own behalf, the motion is **GRANTED**. To the extent that the motion seeks dismissal of any claims that properly belong to Y.S., it is **DENIED**. The Clerk of Court is **ORDERED** to adjust the caption of the case to indicate that Y.S. is a plaintiff and to provide notice to Shandra Smith as described below. Additionally, Katie Smith and Shandra Smith are **ORDERED** to enter appearances through counsel by the deadlines given below if either wishes to represent Y.S. in this matter.

## I. Background

Plaintiff Katie Smith ("Smith") has commenced this action pro se against the Caddo Parish School Board, T. Lamar Goree, Jr., Natasha Whitehorn, Rudgerick Brown, and Brenda McDonald (collectively "Defendants"). [Record Document 1]. Y.S., Smith's granddaughter, was a student at a Caddo Parish elementary school from which she was suspended multiple times before being

1

expelled in February 2017. [Record Documents 1 at 5 and 13-1 at 1]. Smith alleges that the suspensions and expulsion violated the Civil Rights Act, the United States Constitution, and the "U.S. Education Act." [Record Document 1 at 3].

According to Y.S.'s school records, her mother, Shandra Smith, is Y.S.'s legal guardian. [Record Documents 13 at 2 and 19-1 at 1]. Shortly after Defendants filed the instant motion, Y.S.'s mother filed a Petition for Voluntary Transfer of Custody in the Caddo Parish Juvenile Court, seeking to transfer both physical and legal custody of Y.S. to Smith so that Smith could pursue the instant case; the record does not reveal the outcome of this state court proceeding. [Record Document 19-1].

Defendants seek dismissal for lack of subject matter jurisdiction. [Record Document 13]. They argue that because Smith lacks procedural capacity to sue on Y.S.'s behalf, she lacks standing. [*Id.* at 2–3]. In response, Smith filed a copy of the state court custody petition. [Record Document 19-1]. Defendants have replied that a voluntary transfer of custody is not the equivalent of a tutorship and so does not divest Y.S.'s mother of her parental right to initiate suit on her daughter's behalf. [Record Document 20 at 2–3].

## II. Law and Analysis

To evaluate the instant motion, the Court must (1) determine who is currently before the Court as a plaintiff; (2) determine whether Smith has standing and procedural capacity to sue on Y.S's behalf; and (3) craft an appropriate order to repair any defects in the procedural posture of this litigation.

### A. Identifying the Plaintiffs

The case caption currently identifies Smith as the only plaintiff. However, a pro se litigant's

pleadings must be interpreted liberally. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). In the caption of her complaint, which she filed on the court-provided form for pro se litigants, Smith wrote her name on the line above the designation for "Plaintiff(s)" and then wrote Y.S.'s name underneath that line and next to the word "Plaintiff(s)." [Record Document 1 at 1]. Similarly, in her prayer, Smith wrote that "Plaintiffs seek" compensatory and punitive damages. [*Id.* at 4]. Interpreting this writing liberally, the Court finds that Smith intended to name both herself and Y.S. as plaintiffs. *Cf. Aduddle v. Body*, No. CIV.A. H-05-3358, 2007 WL 189373, at *4–5 (S.D. Tex. Jan. 22, 2007) (construing a pro se complaint by a grandfather that named his granddaughter as an additional plaintiff as intending to bring suit in next friend capacity), *aff'd*, 277 F. App'x 459 (5th Cir. 2008). Therefore, the Court orders the Clerk of Court to alter the caption of the case to indicate that Y.S. is a plaintiff in this matter.

### B. Smith's Standing and Procedural Capacity

Defendants argue that Smith lacks procedural capacity to sue on Y.S.'s behalf and therefore lacks standing. [Record Document 13 at 2–3]. "Frequently, attorneys and courts confuse the concept[] of standing with that of capacity to sue . . . ." *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017) (quoting *In re Unger & Assocs. Inc.*, 292 B.R. 545, 550 (Bankr. E.D. Tex. 2003)). The doctrine of standing derives from the constitutional limit placed on the federal judiciary to decide only "cases" and "controversies." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citing *Muskrat v. United States*, 219 U.S. 346, 356–57 (1911)). To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v.*

3

*Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 180–81 (2000)). Capacity to sue has nothing to do with whether a person has been injured; it merely designates the person entitled to enforce a particular right through litigation. *See Norris*, 869 F.3d at 366.

### 1. Smith's Standing

A 12(b)(1) motion is the appropriate vehicle to seek dismissal when a plaintiff lacks standing. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Smith has alleged only a single injury to herself: "Confrontation with teachers at [Y.S.'s school] led to banning of Grandmother Katie Smith." [Record Document 1 at 4]. While it is admirable that Smith seeks to be involved with her granddaughter's education, the Court has located no law that entitles a non-guardian relative to be present at a child's school. As a result, denying Smith permission to be on school grounds is not a cognizable injury; thus, Smith lacks standing. Therefore, the Court grants Defendants' motion to dismiss to the extent that the motion seeks dismissal of any claims personal to Smith.

### 2. Smith's Procedural Capacity to Sue on Y.S.'s Behalf

Because the complaint raises claims that properly belong to Y.S., it appears that Smith intended to appear not only in her own right, but also as a representative of Y.S. With a limited exception in the context of social security benefits, the Fifth Circuit prohibits pro se litigants from appearing in a representative capacity. *Chatman v. Miss. High Sch. Athletics Ass'n*, 552 F. App'x 335, 337 (5th Cir. 2014) (citing *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005)) ("[A] pro se, non-lawyer parent or guardian may not represent the interests of her minor child.");

4

*Aduddle v. Body*, 277 F. App'x. 459, 462 (5th Cir. 2008) (citing *Myers*, 418 F.3d at 401) ("As a non-lawyer, Aduddle may not represent the interests of Shana Stein on a pro se basis, even assuming that he is her legal guardian."). Therefore, the Court holds that without counsel Smith cannot maintain this action on behalf of Y.S.

The Court's determination that counsel is required does not conclude the inquiry, however. Procedural capacity in this situation is determined by state law. Fed. R. Civ. P. 17(b)(3). Under Louisiana law, an unemancipated minor lacks procedural capacity. La. Code Civ. Proc. Ann. art. 683(A) (Supp. 2017). Only parents, tutors, or other persons with parental authority may sue to enforce a right belonging to a minor. *Id.* art. 683(B)–(C). Louisiana courts have clarified that removing custodial rights from a parent does not terminate other parental rights. *See State ex rel. A.C.*, 93-1125 (La. 1/27/94); 643 So. 2d 719, 726 ("The change in custody and visitation caused by a court order . . . is 'subject to any residual parental rights and responsibilities.'" (quoting La. Child. Code Ann. art. 1511 (2014))), *on reh'g on other grounds*, 93-1125 (La. 10/17/94); 643 So. 2d 743; *Gautreau v. Gautreau*, 96-1548, p. 8 (La. App. 3 Cir. 6/18/97); 697 So. 2d 1339, 1346 ("The court did not terminate Ms. Gautreau's parental rights *de facto* by removing the children from Ms. Gautreau's custody."); *see also Jones v. Allen Par. Corr. Ctr.*, No. 06-0056, 2008 WL 762077, at *5 (W.D. La. Mar. 20, 2008) (holding that provisional custody by mandate does not allow a custodian to sue on a minor's behalf).

Because Y.S. is a minor, she lacks procedural capacity. Currently, Smith is not Y.S.'s tutor and so lacks procedural capacity under Louisiana law to bring this suit. Even if the state court grants the Petition for Voluntary Transfer of Custody, the parental rights of Y.S.'s mother will not thereby be terminated. As a result, Y.S.'s mother now has and will retain the right to sue on her daughter's

behalf. Therefore, under Rule 17(b)(3), Smith lacks and Y.S.'s mother has procedural capacity to maintain this suit on Y.S.'s behalf.

### C. Crafting the Appropriate Order

Because Smith lacks standing, she must be dismissed from the suit. However, Y.S.'s claims as pleaded fall within the Court's federal question jurisdiction. [Record Document 1 at 3]. When confronted with a similar case involving the procedural capacity of grandparents to sue on behalf of minor children of whom they were not tutors, this Court prevented needless dismissal and refiling by ordering the minor's mother to appear and join in the case. *Rice ex rel. CIR v. Cornerstone Hosp. of W. Monroe*, No. CIV.A. 13-0362, 2013 WL 3557913, at *1 (W.D. La. July 11, 2013). The Fifth Circuit subsequently upheld this Court's authority under Rule 17(c) of the Federal Rules of Civil Procedure to appoint the children's grandfather as next friend following their mother's failure to appear in response to a court order. *Rice ex rel. CIR v. Cornerstone Hosp. of W. Monroe*, 589 F. App'x 688, 690–91 (5th Cir. 2014) (per curiam). The Court believes that a similar solution adequately balances Y.S.'s interest in having her rights enforced and Defendants' right to be sued by a person with capacity to prosecute. Therefore, the Court will order that Y.S.'s mother, Shandra Smith, appear through counsel and, if she does not, that Katie Smith appear through counsel to be appointed as Y.S.'s next friend pursuant to Rule 17(c).

## IV. Conclusion

Therefore, in light of the foregoing, the Motion to Dismiss Pursuant to Rule 12(b)(1) is **GRANTED IN PART and DENIED IN PART**. To the extent that it seeks dismissal of claims asserted by Smith on her own behalf, the motion is **GRANTED**. To the extent that it seeks dismissal of any claims that properly belong to Y.S., it is **DENIED**.

**IT IS ORDERED** that the Clerk of Court adjust the caption of the case to indicate that Y.S. is a plaintiff.

**IT IS FURTHER ORDERED** that all claims by Katie Smith are **DISMISSED WITHOUT PREJUDICE** for lack of standing.

**IT IS FURTHER ORDERED** that the Clerk of Court serve, via certified mail, a copy of the complaint and the instant ruling upon Shandra Smith at 4206 Greenbriar Dr., Shreveport, LA 71109.

**IT IS FURTHER ORDERED** that Shandra Smith appear and join in this matter as Plaintiff (via counsel of her own choosing), on behalf of Y.S., no later than **Friday, March 9, 2018**. If, within the same period, Shandra Smith declines to join in this matter, then she may show cause, in writing, why the Court should not, pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, appoint Katie Smith as next friend to prosecute this matter on behalf of Y.S.

**IT IS FURTHER ORDERED** that if Shandra Smith does not appear and join in this matter by Friday, March 9, 2018, that Katie Smith shall appear through counsel enrolled on her behalf by **Friday, April 6, 2018**. Failure to comply with this order may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**THUS DONE AND SIGNED** in Shreveport, Louisiana this ____ day of February, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE